IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RICHARD EARL WILLIAMS, Petitioner, | ) | 1:12CV1057 |
| v. | ) | 1:11CR408-1 |
| UNTIED STATES OF AMERICA, Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, Jr., District Judge**

Petitioner, Richard Earl Williams, has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 13) and a Supplemental Motion Pursuant to the Fourth Circuit Decision in Miller v. United States (Doc. 25). The United States has filed a response (Doc. 20) requesting that the motion be denied. Petitioner has filed a reply (Doc. 23), and the matter is now ripe for ruling. For the following reasons, this court finds the motion should be denied.

**Procedural History**

Petitioner was indicted in this court on December 19, 2011, and charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) Petitioner pled guilty to the Indictment on March 5, 2012 pursuant to a written plea agreement (Doc. 9). A written

factual basis (Doc. 10) was filed and accepted by the court at the time of the entry of the plea. Petitioner and his counsel indicated that there were no objections to the factual basis. (See Minute Entry dated 3/5/2012.)

The factual basis recites that

> Williams was previously convicted on July 18, 2006, in the Superior Court of Durham County, Durham, North Carolina, of a crime punishable by imprisonment for a term exceeding one year, that is, attempted assault with a deadly weapon inflicting serious injury. Williams was sentenced to a term of 17 months to 21 months imprisonment. At the time of the instant offense, Williams's conviction had not been expunged or set aside, nor had he been pardoned or had his civil rights been restored within the meaning of 18 U.S.C. Section 921(a)(20).

(Factual Basis (Doc. 10) at 2-3.)

Sentencing was set for June 8, 2012, and a presentence report was prepared.

The probation officer determined that Petitioner's criminal history category was a IV and included the July 18, 2006 state conviction twice in the presentence report ("PSR"): once in the criminal history category (PSR ¶ 27), and once in the offense conduct listing the conviction as an element of the § 922(g)(1) offense (PSR ¶ 3.)

Sentencing was held on June 8, 2012. Both counsel for Petitioner and Petitioner agreed there were no objections to the

presentence report. Following the sentencing hearing, this court imposed judgment which included, inter alia, a term of imprisonment of 52 months followed by 3 years of supervised release. (Judgment (Doc. 12) at 2-3.)

Petitioner has now moved to set aside and dismiss the Indictment on one ground, stated by Petitioner as follows: "Counsel was ineffective for failing to move district court to dismiss the indictment." (Mot. to Vacate (Doc. 13) at 4.) Petitioner moves that his conviction be vacated and that he be released. (Id. at 12.)

## **Analysis**

Petitioner argues that the state conviction – attempted assault with a deadly weapon inflicting serious injury – is not a criminal offense under state law and, therefore, cannot be alleged as an element of his 18 U.S.C. § 922(g)(1) offense. (See Mem. Br. in Supp. (Doc. 14) at 4.) In other words, Petitioner contends that he "has no qualifying prior felony convictions that would support a violation of 18 U.S.C. § 922(g)(1)." (Id. at 7.) The United States, in its response, concedes that North Carolina courts have found that "an attempt to commit an assault is not an offense in North Carolina." (Resp't Resp. to Mot. under 28 U.S.C. § 2255 ("Resp't Resp.")(Doc. 20) at 2.)

Nevertheless, the United States contends that relief under 28 U.S.C. § 2255 should be denied.

The Government's concession is to a certain degree misconstrued by Petitioner. (Pet'r's Reply to Resp't Resp. to Mot. under 28 U.S.C. § 2255 (Doc. 23) at 2)("Respondent concedes that 'an attempt to commit an assault is not an offense in North Carolina'. . . ."). The United States' concession is that certain case holdings exist, not necessarily that those holdings are properly applied to Petitioner's state conviction.

Petitioner's argument is based upon State v. Currence, 14 N.C. App. 263, 188 S.E.2d 10, 12 (1972) and State v. Barksdale, 181 N.C. App. 302, 638 S.E.2d 579 (2007), each of which deal with "attempted" assaults under state law. Currence relied upon the common law definition of assault in reaching its conclusion that attempted assault was not a crime under North Carolina law. The Currence court defined assault under those circumstances as "an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace or violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm." Currence, 14 N.C. App. at 265, 188 S.E.2d at 12 (quoting State v. Roberts, 270

N.C. 655, 658, 155 S.E.2d 303, 305 (1967). Importantly, however, both Currence (assault with a deadly weapon) and Roberts (assault on a female) involved conduct in violation of N.C. Gen. Stat. § 14-33, which defines various Class 2, Class 1, and Class A1 misdemeanor assault offenses under North Carolina state law. See N.C. Gen. Stat. 14-33.

Barksdale, however, involved what appears to have been a felony assault under North Carolina law (as set out in N.C. Gen. Stat. § 14-32); that is, an assault with a deadly weapon on a government officer. The Barksdale court specifically stated as follows: "Under State v. Currence, 14 N.C. App. 263, 188 S.E.2d 10, appeal dismissed and cert. denied, 281 N.C. 315, 188 S.E.2d 898, 899 (1972), we are bound to conclude that 'attempted assault' is not a triable offense in North Carolina." Barksdale, 181 N.C. App. at 304, 638 S.E.2d. at 580-81 (emphasis added). The Barksdale court went on to note that it was bound by Currence and held "that the trial court's decision to instruct on the offense of attempted assault with a deadly weapon on a government officer was in error." Id. at 308, 638 S.E.2d at 583.

Unlike the offenses at issue in Currence and Roberts, Petitioner's prior state conviction was described by the state

court as "ATTEMPT.AWDW INFLICTING SERIOUS INJURY" under "G.S. No. 14-32(A)" – the state felony assault statute. (Resp't Resp., Attach. A (Doc. 20-1) at 1.) In State v. Birchfield, 235 N.C. 410, 70 S.E.2d 5 (1952), the North Carolina Supreme Court described the elements of a violation of § 14-32 as follows:

> To warrant the conviction of an accused of a felonious assault and battery under G.S. § 14-32 on the theory that he participated in the offense as a principal in the first degree, the State must produce evidence sufficient to establish beyond a reasonable doubt that he did these four things: (1) That he committed an assault and battery upon another; (2) that he committed the assault and battery with a deadly weapon; (3) that he committed the assault and battery with intent to kill the victim of his violence; and (4) that he thus inflicted on the person of his victim serious injury not resulting in death.

Id. at 413, 70 S.E.2d at 7.

While other North Carolina cases suggest a definition of misdemeanor assault under N.C. Gen. Stat. § 14-33 similar to that set forth in Currence, the Birchfield definition of felony assault highlights the presence of a battery element which was not addressed by Currence. Therefore, while Petitioner's argument does have some merit as to the definition of assault in general, North Carolina may recognize a distinction between a misdemeanor and a felony assault as charged, Barksdale notwithstanding. It may very well be that the crime of attempted assault under § 14-32 does not exist under the common

law definitions as interpreted by the courts of North Carolina; however, the North Carolina courts have not specifically addressed that question at this time.

More significantly, none of the cases cited by Petitioner, nor any other North Carolina cases known to this court, appear to preclude a defendant from pleading to an attempt to commit a felonious assault pursuant to a plea agreement. Petitioner's plea agreement resulted in the reduction of the charged class of felony (PSR ¶ 26; violation of N.C. Gen. Stat. § 14-32) from Class E (N.C. Gen. Stat. § 14-32) to Class F. See N.C. Gen. Stat. § 14-2.5 ("Unless a different classification is expressly stated, an attempt to commit a misdemeanor or a felony is punishable under the next lower classification as the offense which the offender attempted to commit."). Under these circumstances, this court is not the appropriate forum for Petitioner to challenge the validity of his prior state conviction. See United States v. Custis, 988 F.2d 1355 (4th Cir. 1993; United States v. Bradshaw, 999 F.2d 798 (4th Cir. 1993). The record reflects that Petitioner was originally charged with the offense of Attempted Assault with a Deadly Weapon Inflicting Serious Injury in violation of N.C. Gen. Stat. § 14-32(A), and further reflects that Petitioner was represented

by counsel in the state court proceeding and pled guilty pursuant to a plea agreement. (See Resp't Resp., Attach. A (Doc. 20-1).) Nevertheless, Petitioner is suggesting that he should not be held accountable for a conviction based upon his own admissions and plea agreement.

Regardless, this court does not find it necessary to resolve these issues, because Petitioner's citations to Jones v. United States and United States v. Simmons do not require the setting aside of Petitioner's conviction and because Petitioner has not set forth a basis upon which to find ineffective assistance of counsel.

Petitioner's reliance upon Jones v. United States, Civil No. 1:11CV017-MR, Criminal No. 1:08cr088, 2011 WL 3515463 (W.D.N.C. Aug. 11, 2011) is misplaced. In Jones, the district court addressed Jones' objection to the application of U.S.S.G. § 2K2.1(b)(6), the sentencing guideline that provides for a four-level enhancement if the defendant "used or possessed any firearm . . . in connection with another felony offense." Id. at *2. The district court found that "attempted assault with intent to kill or seriously injure," did not qualify Jones for the guideline enhancement because "there is no such offense under North Carolina law." Id. Jones is therefore

distinguishable because in that case, the district court was determining whether Jones' conduct constituted a felony offense in the first instance, not whether the defendant had a particular type of prior state conviction. In this case, the issue is whether Petitioner had been "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

Petitioner also cites United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Although the Simmons analysis generally applies to 18 U.S.C. § 922(g)(1) offenses (see United States v. Cozart, 496 F. App'x 280, 282 (4th Cir. 2012), it is inapplicable here. Simmons addressed the sentence classification under federal law of a particular prior offense of conviction, specifically whether the conviction was punishable by imprisonment for more than one year. Simmons did not discuss whether a federal court could address (or remedy) the issue of whether the offense of conviction was in fact an offense under the law of the jurisdiction in which the prior conviction occurred. There is no dispute that the state court judgment in Petitioner's prior offense recites that Petitioner's offense of conviction was a Class F felony and Petitioner's prior record level was II. (See Resp't Resp, Attach. A (Doc. 20-

1).) For purposes of Petitioner's federal sentencing, Simmons requires that this court find that conviction carried a maximum term of imprisonment of 23 months based upon the maximum punishment in the presumptive range. See N.C. Gen. Stat. § 15A-1340.17(c).

Additionally, this court agrees with the United States that the mere fact of Petitioner's prior conviction is dispositive. The Government, relying upon Lewis v. United States, 445 U.S. 55 (1980), argues that, because Petitioner was a convicted felon at the time he possessed a firearm, any subsequent vacating of the underlying conviction does not support vacating this conviction. (Resp't Resp. (Doc. 20) at 6.) As the Supreme Court has stated,

> Congress' judgment that a convicted felon, even one whose conviction was allegedly uncounseled, is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness is rational. Enforcement of that essentially civil disability through a criminal sanction does not "support guilt or enhance punishment," see Burgett [v. Texas], 389 U.S. [109], at 115 [1967], 88 S. Ct. [258], at 262, on the basis of a conviction that is unreliable when one considers Congress' broad purpose. Moreover, unlike the situation in Burgett, the sanction imposed by § 1202(a)(1) attaches immediately upon the defendant's first conviction.
>
> Again, it is important to note that a convicted felon may challenge the validity of a prior conviction, or otherwise remove his disability, before obtaining a firearm. We simply hold today that the firearms prosecution does not open the predicate

> conviction to a new form of collateral attack. See Note, Prior Convictions and the Gun Control Act of 1968, 76 Colum. L. Rev. 326, 338-339 (1976). Cf. Walker v. City of Birmingham, 388 U.S. 307 (1967).

Lewis, 445 U.S. at 67-68 (footnote omitted).

The Fourth Circuit, in United States v. Kahoe, 134 F.3d 1230 (4th Cir. 1998), addressed the circumstance in which a prior felony conviction is subsequently vacated after a conviction of an 18 U.S.C. § 922(g)(1) violation. Relying upon Lewis, the Fourth Circuit held that

> Lewis dictates that the fact that Kahoe's conviction was vacated after he possessed the firearm and ammunition is irrelevant. The portion of § 921(a)(20) providing that a "crime punishable by imprisonment for a term exceeding one year" shall not include "[a]ny conviction which has been . . . set aside" means that after a conviction has been set aside it is no longer a disabling circumstance. . . . Therefore, because Kahoe's March 1994 conviction was a disabling predicate offense when he possessed the firearm and ammunition, we affirm the denial of § 2255 relief.

Id. at 1235; see also United States v. Davis, 497 F. App'x 285, 286 (4th Cir. 2012), cert. denied, ____ U.S. ____, 133 S. Ct. 1620 (2013) (recognizing the continuing application of Kahoe and stating: "[t]his court squarely rejected this line of argument in United States v. Kahoe, 134 F.3d 1230 (4th Cir. 1998), holding that any subsequently-realized invalidity of a predicate felony conviction is immaterial to a § 922(g)(1) prosecution, as

long as the prior conviction was in effect on the date that the defendant possessed the firearm”).

This court finds the reasoning in Lewis and Kahoe persuasive and applicable to this case, even if those cases are distinguishable on their facts. In this case, Petitioner pled guilty to an offense designated as a felony in the state court, and the offense was a crime punishable by more than one year. Petitioner’s counseled plea of guilty was accepted and judgment was entered by the state court. The judgment had not been vacated or set aside in any fashion and was in full force and effect at the time Petitioner possessed a firearm.

As a result, this court finds Petitioner has failed to establish that his counsel was ineffective. Furthermore, Petitioner has not identified a legitimate basis upon which the requested relief should be granted.

## Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Petitioner’s Motion to Vacate, Set Aside, or Correct Sentence (Doc. 13) and Supplemental Motion Pursuant to the Fourth Circuit Decision in Miller v. United States (Doc. 25) are **DENIED** and that this action is dismissed with prejudice. **IT IS FURTHER ORDERED** that Petitioner’s request for appointment of counsel

(Doc. 24) is **DENIED** for lack of good cause. A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 22nd day of April, 2014.

William L. Osteen, Jr.
United States District Judge